[Crim. No. 3438.   First Dist., Div. Two.   Apr. 17, 1958.]

THE PEOPLE, Respondent, v. WOO MEE FOO, Appellant.

430

Sol A. Abrams for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Peter T. Kennedy, Deputy Attorney General, for Respondent.

DOOLING, J.—Appellant was tried before the court, a jury trial having been waived, and was found guilty of the illegal possession of heroin. The parties stipulated to submit the case on the transcript of the testimony given at the preliminary hearing and the further cross-examination before the superior court by appellant's counsel of Daniel Casey, the arresting officer.

The only error urged by appellant in his opening brief is that appellant's arrest without a warrant and the subsequent search which disclosed the narcotics were without reasonable cause and illegal. In his closing brief appellant raises the additional point that the refusal to disclose the name of the informer upon whose information the arrest and search were made was prejudicial error.

█ Officer Casey testified at the preliminary hearing that he and fellow officers had received information from an informer whom they had found reliable that appellant was selling narcotics in Room 3 of a hotel in San Francisco. The informer stated that he had been purchasing narcotics from appellant for several weeks and appellant's procedure in every case was to leave the informer in Room 3 while he went out of the room and returned later with the narcotics. The officers

sent the informer into Room 3 with instructions to seek to make a narcotics purchase while the officers hid in a men's rest room off the hotel hallway. After the informer entered Room 3 the officers saw appellant leave Room 3, stand on the step of another room and reach up to a molding over the door. The officers immediately arrested appellant and found two packets of heroin hidden in the molding at the point where appellant had been reaching. Appellant at that time admitted that the heroin was his. The committing magistrate sustained an objection to appellant's question seeking the name of the informer.

There is no merit to appellant's argument that the officers did not have reasonable cause for the arrest and search. The actions of appellant in leaving Room 3 and reaching up over the molding fitted perfectly the pattern of conduct described by the informer and taken with the information given by him justified the officers in the belief, which proved to be true, that appellant had narcotics hidden there. Nor can we agree with appellant that the officers violated any of appellant's rights in concealing themselves in a rest room off the public hallway of a hotel to observe his conduct. They were acting reasonably upon the information which they had received from the informer in doing so, and were committing no trespass upon a part of the hotel reserved for appellant's private use.

█ Under the record made before the superior court appellant must be held to have waived the question of his right to the disclosure of the informer's name. His counsel cross-examined Officer Casey extensively before the superior court without asking the name of his informer and he argued before that court the claimed unreasonableness of the arrest and search without once adverting to the refusal of the committing magistrate to allow the disclosure of the informer's name. In agreeing to submit the case on the transcript of the preliminary hearing and further cross-examination of Casey appellant's counsel stated: "I don't want to be waiving anything here. I want the record to indicate that we're interposing an objection to the admission of any evidence in this case . . . on the ground that the arrest of the defendant was illegal and the seizure of the narcotics found, was illegal, in violation of the constitutional rights of the defendant, made without a search warrant or warrant of arrest or without proper cause." We have read the entire transcript of the proceedings

before the superior court and nowhere in those proceedings was the refusal of the committing magistrate to allow the disclosure of the informer's name called in any fashion to the attention of the trial judge.

The record does show that a motion was made to dismiss the information but the record does not show the grounds of the motion nor that the refusal to disclose the name of the informer *was made a ground of that motion.* ▮ It is elementary that questions must be raised in the trial court to be available on appeal.

Judgment affirmed.

Kaufman, P. J., and Draper, J., concurred.

A petition for a rehearing was denied May 16, 1958, and appellant's petition for a hearing by the Supreme Court was denied June 11, 1958.